[L. A. No. 887.   Department One. — September 3, 1901.]

## H. E. STORRS, Executor, etc., Respondent, v. LOS ANGELES TRACTION COMPANY, Appellant.

NEGLIGENCE — PERSONAL INJURIES — ELEMENTS OF COMPENSATION — DAMAGES — INSTRUCTION. — In an action to recover damages for personal injuries, caused by the negligence of the defendant, it was proper to instruct the jury that the measure of recovery was compensatory damages, the elements of which were expenses paid by plaintiff for care and nursing while disabled, and the value of the time lost while disabled, to be determined from direct evidence before the jury, and such reasonable compensation for impairment of his earning power, and for his pain and anxiety, as the jury might, in their sound discretion, determine, not exceeding, in all, the amount alleged.

ID. — COMPENSATION FOR INABILITY TO ATTEND TO BUSINESS — REFUSAL OF INSTRUCTION. — An instruction requested, to the effect that the jury could not award any damages for loss which the plaintiff might have suffered because of inability to attend to his business after the accident, was properly refused.

ID. — EARNINGS NOT PROVED — EARNING CAPACITY — DISCRETION OF JURY. — Where the evidence showed that the plaintiff was accustomed to attend to his own business, the general nature of which appeared, and that as the result of the injury his capacity for attending to his business was seriously impaired, the fact that there was no proof of earnings, or of any specific amount that he was

capable of earning, cannot deprive him of the right to compensation for his earning capacity, of which the jury may judge, and, in the exercise of a wise discretion, fix the amount of damages to be recovered therefor; and their verdict thereupon will not be disturbed, if it does not appear to be excessive.

Id. — Evidence — Matters of Common Knowledge. — No testimony is required upon matters which are presumably within the knowledge or observation of all men of common intelligence.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

E. H. Lamme, and E. E. Millikin, for Appellant.

C. C. Wright, for Respondent.

HARRISON, J. — The plaintiff's intestate brought this action to recover damages for personal injuries sustained, through the negligence of the defendant, while being carried as a passenger upon one of its cars in the city of Los Angeles. The cause was tried before a jury, and a verdict rendered in favor of the plaintiff for the sum of two thousand dollars. After the rendition of the verdict and the entry of judgment thereon, the plaintiff died, and his executor was thereupon substituted as plaintiff in the cause, under an order of the superior court. The defendant moved for a new trial, which was denied, and from this order and the judgment defendant has appealed.

The court instructed the jury that they were not at liberty to give punitory damages, but that they could award the plaintiff "only such actual damages as the evidence shows to a reasonable certainty he has sustained by reason of the accident of which he complains." It also gave to the jury the following instruction: "If the plaintiff is entitled to recover, the measure of his recovery is what is denominated compensatory damages, — that is, such sum as will compensate him for injury he has sustained. The elements entering into damage are the following: 1. Such sum as will compensate him for the expenses he has paid or incurred in caring for and nursing him during the period that he was disabled by the injury, not exceeding the amount alleged in the complaint. 2. The value of his time during the period that he was disabled by the injury. 3. If

the injury has impaired the plaintiff's power to earn money in the future, such sums as will compensate him for such loss of power.    4. Such reasonable sum as the jury shall award him on account of pain and anxiety he has suffered by reason of his injury.    The first two of these elements are the subjects of direct proof, and are to be determined by the jury on the evidence they have before them.    The third and fourth elements are from necessity left to the sound discretion of the jury, but the damages, in all, cannot exceed the amount alleged."

The correctness of this instruction is challenged by the appellant, upon the ground that there was no evidence before the jury of the pecuniary value of the time lost by the plaintiff, or from which the jury were authorized to estimate his earning capacity.

It appears by the instruction itself that in determining the value of the time during the period that the plaintiff's intestate was disabled by the injury, the court limited the jury to the evidence which they had before them, and in the absence of any showing to the contrary, it is not to be assumed that this instruction was disregarded.    The court properly refused the instruction asked by the defendant, to the effect that they could not award any damages for loss which the plaintiff might have suffered because of inability to attend to his business since the happening of the accident.

The objection of the appellant, that, as there was no specific testimony that the plaintiff was earning anything at the time of the injury, or of the amount that he was capable of earning, any verdict of the jury under this instruction would be merely conjecture, is untenable.    His right to recover does not depend upon the fact that at the time of the injury he was actually employed in the service of another, nor does the amount of his recovery depend upon the amount of wages which he was receiving.    The fact that he was not in the receipt of any salary or wages, but was attending to his own business, does not deprive him of right to compensation for the loss of his earning capacity, since it is what he was capable of earning, rather than what he was actually earning, that was to be considered by the jury.    It may be conceded that in the absence of all evidence tending in any respect to show an impairment of his earning capacity, the jury would not have been authorized to include any compensation therefor in their verdict, but it does

not follow that it was necessary that there should be direct or specific testimony that he was in the actual receipt of wages, or capable of earning a specific sum in any particular employment. Evidence that he was in the receipt of wages or of a salary would have been admissible as an element upon which the jury could act, but would not have been determinative of the amount of their verdict, inasmuch as it would still be necessary to consider the length of time in which he would probably receive that salary, and the extent to which his capacity for earning it would be impaired, and there could be no direct or specific testimony upon these points. If the circumstances which were before the jury show that by reason of the injury he has become unable to perform the labor or transact the business which he was accustomed to transact or perform prior thereto, he is entitled to recover damages therefor, and from the nature of the investigation the amount of such recovery must be left to the wise discretion of the jury. It needs no evidence to show that a plaintiff in full health and vigor, who has lost an arm or a hand by reason of the negligence of the defendant, has had his earning power greatly impaired, and in such a case a jury would not be limited to nominal damages, although there should be no evidence that he was in the receipt of wages at the time of the injury, but would be authorized to give substantial damages. (*Chicago etc. R. R. Co.* v. *Warner,* 108 Ill. 538; *Fisher* v. *Jansen,* 128 Ill. 549; *District of Columbia* v. *Woodbury,* 136 U. S. 450; *Gainesville etc. Ry. Co.* v. *Lacy,* 86 Tex. 244; *Missouri etc. Ry. Co.* v. *Vance* (Tex. Civ. App.), 41 S. W. Rep. 167.) The rule for measuring damages is, however, the same, whatever may be the extent of the injury, but the measure of damages in any particular case will depend upon the facts in that case. No testimony is required upon matters which are presumably within the knowledge or observation of all men of common intelligence. "Juries are in many cases permitted to exercise their own individual judgments as to values, upon subjects presumptively within their own knowledge, which they have acquired through experience or observation, and the objection that no evidence was presented before them upon such subjects is insufficient to defeat their verdict." (*Cederberg* v. *Robison,* 100 Cal. 93.)

In the present case the evidence before the jury showed that the plaintiff was seventy-five years of age, and up to the time of the injury had been active and in good health, and engaged

in attending to business of his own, which, from the testimony of others, appears to have been somewhat extensive and diversified.    He had held positions of trust in several financial and other corporations, and although it does not appear that he was holding these positions at the time he received the injury, this fact affects merely the weight to be given to the evidence. The evidence itself was competent to be considered by the jury in determining the extent of his earning capacity.    There was also evidence that, as a result of the injury, he had become afflicted with heart disease, by which his capacity for attending to his business was seriously impaired.    The plaintiff himself was also a witness at the trial, and the jury thus had an opportunity to judge of his ability at that time.    This, in connection with the testimony of his circumstances and condition in life prior to receiving the injury, his capacity, and occupation, was evidence from which the jury could estimate his earning power, and the extent of his damage in that particular. Upon these points the jury were at liberty to exercise their own judgment, without the necessity of introducing any specific testimony thereon from witnesses, and unless their verdict should appear to be excessive, it should not be disturbed.    If the damage claimed were of an extraordinary character, — as, for example, an inability to pursue his calling as a physician, or in any other professional capacity, — the rule might be different, but there is no claim of that character here, and the amount of the verdict does not appear to be excessive.

The other instructions objected to by the appellant need no particular comment.    They are in accordance with established principles of law.    Neither did the court err in excluding the evidence sought to be introduced by the appellant.    The defendant could not relieve itself of the consequences of its own negligence by showing that others were equally negligent.

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.