[L. A. No. 2424.   Department One.—November 30, 1909.]

## G. CASTINO, Respondent, v. J. W. RITZMAN, Appellant.

PLEADING—DAMAGES FOR PERSONAL INJURIES—LOSS TO BUSINESS—
JOINDER OF CAUSES OF ACTION.—In an action to recover damages
for personal injuries, a complaint which alleges that by reason of
these injuries the plaintiff was made to suffer, was unable to work
and could not attend to his business, and that because of this inability
to attend to his business "great waste and damage has resulted and
will result to plaintiff's said business and the plaintiff financially,"
only states a single cause of action for injuries to the person, and
does not join a cause of action for injuries to property.

ID.—DAMAGES RECOVERABLE UNDER GENERAL ALLEGATION.—In such
action the plaintiff may recover all the damages proximately caused
by the injury, under a general allegation of the whole amount of
damage so caused, without separate allegation of the amount of the
loss that is caused by each element of damage.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

Ingall W. Bull, for Appellant.

F. McD. Spencer, for Respondent.

SHAW, J.—Appeal from the judgment on the judgment-
roll alone.

Plaintiff recovered damages for injuries to his person caused
by the negligence of the defendant.   He was thrown against
a pile of lumber so violently that his arm was broken and
sprained and his body bruised.   The complaint alleged that
by reason of these injuries his arm was for a long time useless.
he was made to suffer, he could not sleep, was not able to work

and could not attend to his business, that because of this inability to attend to his business "great waste and damage has resulted and will result to plaintiff's said business and the plaintiff financially," and that by said injuries he had been damaged in the sum of three thousand dollars. The defendant demurred on the ground that the complaint improperly joined an action for injuries to the person with an action for an injury to property, and that it was uncertain because it did not state how much of the damage was caused by loss of business and how much by the injury to the plaintiff's person.

The sole objection here urged is that this demurrer was improperly overruled. The objection is without merit. The whole of the damage was caused by the bodily injury and it is so alleged. A bodily injury may cause financial loss by reason of the party being thereby made unable to work, or to attend to business, as well as by the pain and distress he suffers therefrom. The injury to the person causes all the damage, it may all be recovered in one action and there is but one cause of action. All the elements of damage must be measured by the financial loss and stated in terms of money. This is the only reparation the law can make. The plaintiff may recover all the damages proximately caused by the injury (Civ. Code, sec. 3333). It is not necessary in such a case to state separately the amount of the loss that is caused by each element of damage. A general statement of the whole amount of damage will suffice when all the damage claimed is the natural and ordinary effect of the injuries alleged. (*Sloan* v. *Southern C. R. Co.,* 111 Cal. 685, [44 Pac. 320] ; *Treadwell* v. *Whittier,* 80 Cal. 580, [13 Am. St. Rep. 175, 22 Pac. 266].) There was no claim made for special damage to the plaintiff's property, by reason of his inability to attend to his business. Conceding, but not deciding, that such damage might constitute an injury to property, although caused by an injury to the person, it was not here alleged and there was no misjoinder.

The judgment is affirmed.

Angellotti, J., and Sloss, J., concurred.