[L. A. No. 3597.    Department One.—February 10, 1916.]

## WALTER WORDEN, Respondent, v. CENTRAL FIRE-PROOF BUILDING COMPANY, Appellant.

NEGLIGENCE—PERSONAL INJURIES—PASSENGER INJURED IN ELEVATOR—FACTS SHOWING PRESUMPTIVE NEGLIGENCE.—In an action for damages for personal injuries sustained by plaintiff while being conveyed as a passenger in an elevator owned and operated by defendant, in order to make out a case showing presumptive negligence on the part of the defendant it is only necessary to show that he was injured by the rapid descent and sudden stopping of the elevator, and that the elevator was under the control and management of defendant.

ID.—RES IPSA LOQUITUR.—The doctrine of *res ipsa loquitur* applies to a passenger elevator.

ID.—INSTRUCTIONS—BURDEN OF PROOF OF NEGLIGENCE.—The giving of an instruction that plaintiff had sustained the burden of proof of negligence on the part of defendant "by a showing that the plaintiff was injured while a passenger in the elevator of defendant," although incomplete in failing to include the further statement that it must appear that the injury was caused by the operation of the elevator, its mode of motion, or from something connected therewith, is not prejudicial, where it appears by the evidence that if plaintiff suffered the injury complained of at all while in the elevator it was because of its manner of operation, its rapid descent, and sudden stop.

ID. — PLEADING — ALLEGATION OF DAMAGES FROM IMPAIRED EARNING POWER.—It is not necessary to allege specially the damage to the plaintiff by reason of the impairment of his power to earn money occurring by reason of the injury.

ID. — SUFFICIENT ALLEGATION OF DAMAGES — INCLUDES THOSE ARISING FROM LOSS OF EARNING POWER.—An allegation in the complaint,

that by reason of the injury plaintiff suffered in a certain manner "all to his damage in the sum of fifteen thousand dollars," is a sufficient allegation of damage and includes whatever loss of earning power may have been caused by the permanent injury stated.

ID.—NECESSARY CONSEQUENCES FROM INJURY.—Consequences which naturally follow from a personal injury because of the nature of the injury are general damages, and need not be specially pleaded in order to recover damages resulting therefrom.

ID.—EVIDENCE SUSTAINING DAMAGES FROM LOSS OF EARNING POWER.—Where there was evidence that prior to the injury the plaintiff was enjoying good health, was active for a man of his age, and that he had been engaged in real estate business, although his income from such business does not appear, and that his leg was stiff from the injury and too weak to support his weight, the jury could form some estimate of his earning power and the extent of his damage in that particular.

ID.—INSTRUCTIONS—DISTINCTION BETWEEN PAST AND FUTURE IMPAIRMENT OF EARNING POWER.—An instruction which permits the jury to allow compensation for the "loss of power to earn money in the future," and further states that no damages could be allowed "for loss of specific wages or earnings" since none was proved, could not mislead the jury by the omission of the words "in the future," and the instruction was therefore good as against that objection.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Morton, Hollzer & Morton, O'Melveny, Stevens & Millikin, and Harry A. Hollzer, for Appellant.

E. B. Drake, for Respondent.

SHAW, J.—This is an action for damages on account of personal injuries sustained by the plaintiff while being conveyed as a passenger in an elevator owned and operated by the defendant in its building in Los Angeles. The allegations of the complaint are, substantially, that while the plaintiff was descending in the elevator in defendant's building and after passing the seventh floor, the elevator, because of failure to have proper clamps and brakes thereon, fell to about the third floor, resulting in an injury to plaintiff's left knee and affecting the general condition of his health. There was a trial by

a jury, a verdict and judgment being given for the plaintiff. The defendant appeals from the judgment and from an order denying its motion for a new trial.

The first point urged by the appellant is that the verdict is against law and is not supported by the evidence. The appellant insists that there was no negligence shown upon its part in the operation of the elevator and that, therefore, judgment should have been given against the respondent. Elevators do not usually fall or stop so suddenly as to cause injury to passengers, when operated with due care. The doctrine of *res ipsa loquitur* applies to a passenger elevator. The plaintiff was only called upon to show that he was injured by the rapid descent and sudden stopping of the elevator, and that the elevator was under the control and management of the defendant. When he had made such proof he had made out a case presumptively showing negligence on the part of the defendant. The burden then devolved upon the defendant to show that it was not guilty of negligence for which it could be charged. (*Treadwell* v. *Whittier,* 80 Cal. 574, 582, [13 Am. St. Rep. 175, 5 L. R. A. 498, 22 Pac. 266]; *Illinois Cent. R. Co.* v. *Swift,* 213 Ill. 307, [72 N. E. 737].) The verdict implies a finding against appellant on this point. There was evidence of a substantial character to support it. The judgment cannot, therefore, be disturbed on this ground.

Appellant objects to an instruction on the same point to the effect that the plaintiff had sustained the burden of proof of negligence on the part of the defendant "by a showing that the plaintiff was injured while a passenger in the elevator of the defendant." As an abstract proposition this instruction is incomplete, in that it fails to include the further statement that it must also appear that the injury was caused by the operation of the elevator, its mode of motion, or from something connected therewith, in this case, as the evidence shows, by the sudden stop in its descent. This rule is fully explained in *Wyatt* v. *Pacific etc. R. Co.,* 156 Cal. 170, [103 Pac. 892], and *Steele* v. *Pacific etc. R. Co.,* 168 Cal. 375, [143 Pac. 718]. But no prejudice could have been caused to the defendant by this omission. Under the evidence there could be no doubt of the fact that if the plaintiff suffered the injury complained of at all while in the elevator, it was because of the manner of its operation, its rapid de-

scent, and sudden stop. It was not claimed or suggested that his injury was from any independent cause.

Complaint is made of an instruction given to the jury, relating to the measure of damages, which is as follows: "If the injury has impaired the plaintiff's power to earn money, such sum as will compensate him for such loss of earning power." It was not necessary to allege specially the damage to the complainant from this cause. The complaint alleged that by reason of the injury he had suffered great physical pain "and will continue to suffer," and that the alleged injury to his knee is permanent, "all to his damage in the sum of fifteen thousand dollars." This is a sufficient allegation of the damage, and it includes whatever loss of earning power may have been caused by the permanent injury stated. Consequences which naturally follow from a personal injury, because of the nature of the injury, are general damages and need not be specially pleaded in order to recover damages resulting therefrom. (*Treadwell* v. *Whittier*, 80 Cal. 574, [13 Am. St. Rep. 175, 5 L. R. A. 498, 22 Pac. 266]; *Sloane* v. *Southern Cal. Ry. Co.*, 111 Cal. 668, 685, [32 L. R. A. 193, 44 Pac. 320]; *Castino* v. *Ritzman*, 156 Cal. 587, 588, [105 Pac. 739]; *Storrs* v. *Los Angeles Traction Co.*, 134 Cal. 91, 93, [66 Pac. 72].) There was evidence that prior to the injury the respondent was enjoying good health, was active for a man of his years, and that he had been engaged in the real estate business, although his income from such business does not appear, and that his leg was stiff from the injury and too weak to support his weight. From this the jury could form some estimate of his earning power and the extent of his damage in that particular. (*Storrs* v. *Los Angeles Traction Co.*, 134 Cal. 91, [66 Pac. 72].)

The decision in *Rouse* v. *Pacific etc. Co.*, 27 Cal. App. 772, [151 Pac. 164], is not inconsistent with the above authorities. It holds, in effect, that where evidence is given on the subject of damages from loss of earning power, it is error to instruct the jury that they may estimate such damages without regard to the evidence on the subject.

The appellant further criticises the instruction because it authorizes the jury to allow compensation for the "loss of earning power" and does not expressly limit it, as does the instruction approved in the Storrs case above cited, to the loss of power "to earn money *in the future*." The argu-

ment is that under the instruction, as given, the jury might have supposed that they were at liberty to give damages for loss of specific earnings prior to the beginning of the action, or prior to the trial, although there was no evidence of such loss, and it would obviously be the subject of direct proof and that, therefore, it was error to instruct, as the succeeding part of the instruction does, that this element of damage is not, like expenses for medical treatment, "the subject of direct proof," and, therefore, to be determined from the evidence before them, but was "left to the sound discretion of the jury." The instruction, however, further stated that no damages could be allowed "for loss of specific wages or earnings," since none was proven. The jury could not have been misled by the omission of the words "in the future." There was no error in the instruction.

No other points are presented which warrant consideration. The judgment and order are affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.