[L. A. No. 4560. Department Two.—December 5, 1918.]

## GRACE BRINCK, Respondent, v. SIMONA BRADBURY, an Incompetent, etc., et al., Appellants.

NEGLIGENCE—PERSONAL INJURIES—FALL OF PASSENGER ELEVATOR—EVI-
DENCE—QUALIFICATIONS OF EXPERT.—In an action against an incom-
petent person as the owner of a building and her guardians in their
individual capacities for damages for personal injuries received by
the plaintiff by the falling of a passenger elevator, where the qualifi-
cations of, a witness as an expert were stipulated, there was no error
in sustaining an objection to a question testing such qualifications.

ID.—CONDUCT OF WITNESS—REQUEST TO PLAINTIFF TO RETIRE—LACK OF
PREJUDICE.—In such action the defendants cannot claim prejudicial
error on the trial by reason of the fact that plaintiff's physician,
when called to testify as to her injuries, requested her to leave the
courtroom, giving as a reason therefor that he did not want to tes-
tify in her presence that her injuries were permanent for fear of
the bad effect upon her mind and nervous system, and particularly
where no exception was taken to such procedure at the time.

ID.—DAMAGES—PAIN AND ANXIETY—INSTRUCTION.—An instruction au-
thorizing damages in such reasonable sum as the jury shall award
plaintiff on account of pain and anxiety she has suffered by reason
of her injury is not objectionable as assuming that plaintiff had
in fact suffered pain and anxiety, where plaintiff's foot was twisted
at right angles to the position that it ought to assume, the bone ·
broken and protruding, and her back permanently injured.

ID.—DAMAGES NOT EXCESSIVE.—An award of $17,354.80 is not excessive
where the plaintiff, an attractive young woman, twenty-five years of
age, a student of law, was so permanently crippled in the left foot
and ankle that she will never be able to walk without a limp, her
spine between the neck and middle of the waist permanently in-
jured, so that at the time of the trial she was unable to occupy an
ordinary chair, her nervous system permanently impaired, and exten-
sive atrophy of the muscles of the back existing and increasing.

ID.—NEGLIGENT OPERATION OF ELEVATOR BY EMPLOYEE OF GUARDIAN—
LIABILITY OF INCOMPETENT OWNER.—An incompetent person is liable
for injuries received by a passenger in an elevator owned by the
incompetent which injuries resulted from the negligent operation
of the elevator by the employee of the incompetent's guardian.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry T. Gage and W. I. Foley, for Appellants.

E. B. Drake, for Respondent.

Isidore B. Dockweiler, Dockweiler & Mott, G. C. O'Connell, and Albert M. Gross, for Guardian *ad Litem.*

WILBUR, J.—This is an appeal from a judgment rendered against the defendants Simona Bradbury, incompetent, and Lewis Bradbury, for damages for personal injuries received by the plaintiff by the falling of a passenger elevator in a building owned by the defendant, Simona Bradbury. The same accident is referred to in *Campbell* v. *Bradbury, ante,* p. 364, [176 Pac. 685]. Defendants admitted liability and the only issue tried was as to the amount of damages. Upon the trial an objection to a question asked by defendants on the cross-examination of a witness testifying for plaintiff was sustained. Defendants claim that the question was proper for the purpose of testing the qualifications of the physician as an expert. As his qualifications were stipulated to, there was no error in sustaining the objection. Defendants claim that prejudicial error occurred on the trial by reason of the fact that plaintiff's physician, called by her to testify to her injuries, without consulting or advising plaintiff's attorney thereof, while on the witness-stand requested the plaintiff to leave the room before he testified as to her injuries. The reason given by him, after plaintiff retired from the room, was that he did not wish to testify in her presence that her injuries were permanent, for fear of the bad effect upon her mind and nervous system of such a declaration by him. Plaintiff in her complaint alleged and verified a statement that she was permanently injured, and it is, therefore, claimed that in this apparent effort of the physician to keep her from the knowledge of his opinion of her injuries he was not acting in good faith, but for the purpose of arousing the sympathy of the jury. The conduct of the witness was entirely consistent with his sworn statement to the effect that plaintiff was permanently injured in her nervous system and added nothing thereto. It is a sufficient answer, however, to defendants' contention to say that no exception thereto was taken at the time.

Defendants complain of an instruction substantially the same as that given on the measure of damages in the case

of *Storrs* v. *Los Angeles Traction Co.,* 134 Cal. 91, [66 Pac. 72], and particularly the item therein, "such reasonable sum as the jury shall award her on account of pain and anxiety she has suffered by reason of her injury." It is claimed that this amounted to an instruction on the part of the court that the plaintiff had suffered pain and anxiety by reason of her injury. Even if it be conceded that a critical analysis of this instruction might lead to the conclusion that the court assumed that the plaintiff had in fact suffered pain and anxiety, in view of the severe character of the injuries suffered by the plaintiff, her foot being twisted at right angles to the position that it ought to assume, the bone being broken and protruding from the flesh, the back permanently injured, and the plaintiff facing the prospect of going through life a cripple, there could be no prejudicial error in such an instruction to the jury on the theory that it assumed that she had in fact suffered both pain and anxiety. Nor does the testimony that the plaintiff was stolid and reticent concerning her injuries make the instruction objectionable.

Defendants offered an instruction predicated upon the theory that the damages suffered by the plaintiff were in part the result of malpractice by the physician who had her case in charge. There was no evidence or pleading upon which such an instruction could properly be based, and therefore no error in its refusal.

It is claimed that the verdict and judgment for $17,354.80 was excessive. The amount which would compensate the plaintiff for the injuries received by her was to be decided by the jury under proper instructions from the court, and subject to the wide discretion vested in a trial court to grant a new trial where in its opinion, considering the weight of the evidence, the verdict was excessive. The trial court by its refusal to grant a new trial has left the defendants to such remedies as they may have in this court for an excessive verdict. Here it is assumed that the verdict is based upon the testimony most favorable to the plaintiff and all the inferences most favorable to her to be drawn therefrom.

The plaintiff, an attractive young woman, twenty-five years of age, a student of law, was so permanently crippled in the left foot and ankle that she will never be able to walk without a limp. Her spine between the neck and middle of the waist is permanently injured, so that at the time of the

trial she was unable to occupy an ordinary chair, but spent most of her time in a Morris chair. Her nervous system is permanently impaired. Extensive atrophy of the muscles of the back already exists and is increasing and will continue to increase. Without stating in further detail the nature and character of the injuries, we cannot say, as a matter of law, that the verdict of the jury is so disproportionate to the injuries as to justify the interference of this court.

The incompetent is liable for the injuries received by the plaintiff from the negligent operation of the elevator. (*Campbell* v. *Bradbury, ante,* p. 364, [176 Pac. 685].)

Judgment affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.

Sloss, J., Melvin, J., Wilbur, J., and Richards, J., *pro tem.,* concurred.