[Civ. No. 3143. First Appellate District, Division Two.—December 19, 1919.]

## C. A. FREIBURG, Respondent, v. MRS. W. J. ISRAEL et al., Appellants.

[1] NEGLIGENCE — DAMAGES FOR PERSONAL INJURIES — MENTAL SUFFERING.—In an action for damages for personal injuries, the law permits a recovery for something more than the mental suffering produced by physical pain. Mental suffering may involve numerous phases, bearing with the nervous temperament of the individual, his ability to stand shock, his financial condition in life, the nature of his injuries, etc. Mental worry, distress, grief, mortification, where they are shown to exist, are properly component elements of that mental suffering for which the law entitles the injured party to redress in monetary damages.

[2] ID. — PLEADING — ABSENCE OF SURPRISE — AFFIRMANCE OF JUDGMENT.—In an action for damages for personal injuries, mental suffering need not be specially pleaded; and where the facts appear at the trial, and injurious surprise to the defendant does not appear, the judgment in favor of the plaintiff should be affirmed.

---

1. Mental suffering as element of damages for physical injuries, notes, 5 Ann. Cas. 579; 15 L. R. A. (N. S.) 775; L. R. A. 1916D, 1038; L. R. A. 1916E, 898.

Right to recover for mental anguish in separate action, note, 6 Ann. Cas. 48.

[3] ID.—EVIDENCE—VIEW OF INJURED BUGGY—LAPSE OF TIME.—The trial court did not commit error in permitting the jury to view the injured buggy in which the plaintiff had been riding, although the trial was about a year after the accident, where the evidence showed that the buggy was in substantially the same condition that it was immediately after the accident.

[4] ID.—FAILURE TO REQUEST INSTRUCTION—APPEAL.—The appellant cannot on appeal for the first time take advantage of the trial court's failure to give an instruction not requested before the jury retired.

[5] ID.—INSTRUCTIONS—PROXIMATE CAUSE OF INJURY—USE OF ARTICLE "A" NOT ERROR.—An instruction that the law requires a person operating an overtaking vehicle to sound audible and suitable signal before passing a vehicle proceeding in the same direction, to which is added, "If you find that the defendant automobile driver failed to do so and that such failure was *a* proximate cause of the accident, your verdict, in the absence of contributory negligence on the part of the plaintiff, must be for the plaintiff," is not prejudicially erroneous because of the use of the indefinite article "a" instead of the word "the" in connection with the words "proximate cause."

[6] ID. — DUTY OF DRIVER OF MOTOR VEHICLE APPROACHING HORSE-DRAWN VEHICLE.—In an action for damages for personal injuries arising out of a collision between a buggy and an automobile, an instruction that by statute the rule of the road in California is that every person having control of a motor vehicle on a public highway approaching any vehicle drawn by a horse shall operate the motor vehicle in such manner as to exercise every reasonable precaution to prevent the frightening of any such horse and to insure the safety and protection of any person driving the same, constitutes a proper statement of the law.

[7] ID. — FUTURE DAMAGES—USE OF WORD "WILL." — An instruction that if the injury impaired the plaintiff's power to earn money in the future, such sum as *will* compensate him for such loss of power should be included in the damages, if the jury should find the plaintiff is entitled to recover damages, is not erroneous because of the use of the word "will" in connection with the word "compensate."

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

6. Duty of automobile driver where horses are encountered on highway, notes, 6 Ann. Cas. 658; 1 L. R. A. (N. S.) 223, 224; 14 L. R. A. (N. S.) 251; 48 L. R. A. (N. S.) 946.

7. Measure of damages for loss of earning capacity of person engaged in business for himself, note, 9 A. L. R. 510.

The facts are stated in the opinion of the court.

Duke Stone for Appellants.

E. S. Williams for Respondent.

BRITTAIN, J.—The defendants appeal from a judgment for $1,575 for personal injuries to the plaintiff and for injuries to his buggy, harness, and horse, sustained in a collision between the buggy in which he was driving and an automobile owned by the defendants Israel and driven by their chauffeur, the defendant Wahlicht.

The plaintiff, a farmer, was driving in a one-horse buggy or light spring-wagon toward his home in the afternoon of August 1, 1916. He was driving south on Lankershim Boulevard, in Los Angeles County. The boulevard is fifty-six feet wide from concrete curb to concrete curb, graded and surfaced over the full width, the center portion of twenty-two feet being a hard pavement of asphalt, with a shoulder on each side graveled, sanded, oiled, and rolled, so that the whole width of fifty-six feet furnishes a smooth driving surface. The plaintiff was driving on the right-hand side of the boulevard, about fifteen feet from the right curb, so that his farm horse might find softer footing in the graveled shoulder of the boulevard than on the hard pavement in the center. The roadway at the place where the accident occurred was clear of vehicles other than those of the plaintiff and the defendants. The defendants' automobile was being driven in the same direction as the plaintiff's buggy and approached the buggy from behind. The defendant Wahlicht was driving the automobile and he had with him his sister. He saw the plaintiff when he was about fifty or sixty feet ahead of them. Wahlicht drove up to about four or five feet directly behind the buggy before he attempted to turn out to avoid it. It is claimed on behalf of the defendants that when they were about four or five feet behind the buggy the plaintiff suddenly stopped his horse, so that the automobile could not turn out in time and the bumper of the machine lightly struck the wheel of the buggy, scaring the horse so that he ran away, throwing the plaintiff out. The plaintiff denied that he stopped the horse, and upon this question there is a clear conflict of

evidence. There was no warning given by the driver of the automobile as he approached the buggy, and with a clear road there was ample room for the automobile to have turned out to pass the buggy on the left. The plaintiff testified he was thrown violently to the ground by the collision and sustained bruises and injuries from which he suffered and which required him to remain in bed for some weeks, during which time he was unable to carry on any of his farm labor or to supervise it. This was in the middle of the fruit season or harvest. There was evidence that by reason of his injuries the plaintiff, who theretofore was a rugged, strong farmer who had not lost a day's work on account of illness, developed a condition similar to jaundice, with certain complications. There was evidence concerning the character of the injury to the buggy and the harness, and that after the collision the horse became skittish and not safe to drive, starting to run whenever he heard an automobile approaching from behind.

The appellants' contention that the verdict is not supported by the evidence is unworthy of consideration. In addition to this contention for reversal the appellants rely on claimed errors of law in the admission and rejection of evidence, in the instructions given by the court and in the failure of the court specifically to define contributory negligence.

The plaintiff was permitted to testify that while he was confined to his bed from the injuries he was worried and anxious about his crops and the work then waiting to be done on his ranch. The allegation was that by reason of the injury received by the plaintiff he endured "great pain and physical suffering, and also severe mental suffering and mental anguish, worry, and anxiety." In the appellants' brief is a quotation which they maintain correctly states a general rule in regard to mental suffering. "Consequences which naturally follow from a personal injury because of the nature of the injury are general damages and need not be specially pleaded in order to recover damages resulting therefrom." (*Worden* v. *Central etc. Co.,* 172 Cal. 94, [155 Pac. 839].) The rule announced in that case warrants a somewhat broader interpretation than that placed upon it by the appellants. **[1]** The law permits a recovery for something more than the mental suffering produced

by physical pain. Mental suffering may involve numerous phases, varying "with the nervous temperament of the individual, his ability to stand shock, his financial condition in life, whether dependent upon his own labor or not, the nature of his injuries, whether permanent or temporary, disfiguring and humiliating, and so through a long category, the enumeration of which it is unnecessary here even to attempt. Worry and anxiety over the future of his family would be a great element of mental suffering to a man dependent upon his own exertions for his and their support. . . . Mental worry, distress, grief, mortification, where they are shown to exist, are properly component elements of that mental suffering for which the law entitles the injured party to redress in monetary damages." (*Merrill* v. *Los Angeles Gas & Elec. Co.*, 158 Cal. 499, [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534].)

[2] "As mental suffering is something which may be presumed to follow upon a serious injury producing physical suffering and impairment of one's capacity to earn a living, it has been held not necessary to be specially pleaded." (*Ryan* v. *Oakland Gas Co.*, 21 Cal. App. 14, [130 Pac. 693].) To state that the mental anxiety of the farmer stricken down in the middle of the harvest season is not one of the general consequential results of the injury would be too greatly to narrow the application of the rule of pleading special damages. Such an interpretation would enable negligent persons to escape the consequences of their wrongful acts by the application of an ultra refined and technical rule of practice rather than upon the substantive law of right. Where the facts appear at the trial, and injurious surprise to the defendant does not appear, the judgment should be affirmed. Under all the circumstances of this case the court is of the opinion there was no error in admitting the evidence of the plaintiff's worry over his condition as interfering with harvesting his crops. If there was error, it was not such as to warrant reversal. (Const., art. VI, sec. 4½.)

[3] It is next contended the court erred in permitting the jury to view the injured buggy, the trial being about a year after the accident. Witnesses testified it was in substantially the same condition that it was immediately after the accident, and they were subject to cross-examination on

behalf of the appellants. There was no error in this particular.

The appellants contend the court erred in not defining contributory negligence. In a number of instructions the court defined specific acts, for instance, the violation of various sections of the Motor Vehicle Act, in regard to which there was some evidence, as constituting negligence on the part of one or the other of the parties to the action, and in a number of the instructions used the ordinary form of statement that if certain facts were found by the jury, their verdict should be for the plaintiff unless they should find that the plaintiff had been guilty of contributory negligence. "Ordinary care" was properly defined in the instructions. Taken as a whole, and as applied to the facts of the particular case, the instructions were such that men of ordinary intelligence could not have been misled by the failure of the court to define either negligence or contributory negligence. The court was requested on behalf of the appellants to give numerous instructions. It was not requested to give an instruction specifically defining contributory negligence. [4] The case falls within the rule that the appellant cannot on appeal for the first time take advantage of the court's failure to give an instruction not requested before the jury retired. (*Hardy* v. *Schirmer,* 163 Cal. 272, [124 Pac. 993]; *People* v. *Northey,* 77 Cal. 618, [19 Pac. 865, 20 Pac. 129]; *People* v. *Bruggy,* 93 Cal. 476, [29 Pac. 26]; *Scott* v. *Wood,* 81 Cal. 398, [22 Pac. 871].)

The appellants attack sixteen specific instructions. Most of the objections to the instructions need not be considered. The instructions themselves must be read as an entirety, and the instructions in this case when so read clearly show the groundlessness of most of the objections.

[5] In one of the instructions the jury was instructed that the law requires a person operating an overtaking vehicle to sound audible and suitable signal before passing a vehicle proceeding in the same direction, to which was added: "If you find that the defendant automobile driver failed to do so and that such failure was *a* proximate cause of the accident, your verdict, in the absence of contributory negligence on the part of the plaintiff, must be for the plaintiff." It is contended the court erred in using the

indefinite article "a" instead of the word "the" in connection with the words "proximate cause." In a case decided by the supreme court on November 17, 1919, in which the facts were somewhat similar to those in this case, the appellants seriously contended that the trial court erred in giving an instruction in substantially the same language, except that the word "the" was used instead of the indefinite article "a" before "proximate cause." Considering the instructions in that case as a whole, the court said: "The possibility that the jury could have been misled by the error complained of is so remote as to be altogether unworthy of serious consideration." (*Squier* v. *Davis Standard Bread Co.,* 181 Cal. 533, [185 Pac. 391].)

[6] It is contended that one of the instructions informed the jury that the defendants were the insurers of the safety and protection of the driver of the buggy. The court stated that by statute the rule of the road in California is that every person having control of a motor vehicle on a public highway approaching any vehicle drawn by a horse shall operate the motor vehicle "in such manner as to exercise every reasonable precaution to prevent the frightening of any such horse and to insure the safety and protection of any person driving the same." The instruction is in the exact words of section 20 of the Motor Vehicle Act (Stats. 1915, p. 407), and was a proper statement of the law.

There was some evidence to the effect that the houses along Lankershim Boulevard at the place of the accident were built closely together. One of the instructions stated that it is against the law for any person to operate a motor vehicle at a greater speed than twenty miles per hour "when the territory contiguous thereto is closely built up." The jury was then told that it was for them to decide whether at the locality where the collision occurred it was closely built up at the time of the accident. In another instruction given at the request of the defendants the jury was instructed that the defendants were permitted under the law to operate an automobile at a reasonable rate of speed, having regard to the traffic on and the use of the highway, but not in excess of thirty miles an hour, and it is contended that these two instructions were conflicting. The jury could not have been misled by these instructions.

[7] The jury was instructed that if the injury had impaired the plaintiff's power to earn money in the future "such sum as *will* compensate him for such loss of power" should be included in damages, if the jury should find the plaintiff was entitled to recover damages." It is contended that this instruction was contrary to the rule announced in *Melone* v. *Sierra Ry. Co.*, 151 Cal. 116, [91 Pac. 522]. In the Melone case the instruction was that the jury might include as damages an amount to cover everything which the plaintiff *may* suffer in the future. The difference between the instructions in the Melone case and in this case has heretofore been pointed out and disposed of adversely to the contention of the appellants. (*Scally* v. *Garratt*, 11 Cal. App. 138, [104 Pac. 325]; *Walker* v. *Southern Pac. Co.*, 162 Cal. 121, [121 Pac. 369].) None of the other contentions on behalf of the appellants in regard to the instructions is worthy of consideration.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.