[Civ. No. 7861. Second Appellate District, Division One.—July 29, 1932.]

ADA I. GRAHAM, Respondent, v. YELLOW CAB COMPANY OF LOS ANGELES (a Corporation), Appellant.

JENNIE B. GRAHAM, Respondent, v. YELLOW CAB COMPANY OF LOS ANGELES (a Corporation), Appellant.

Faries & Williamson and McIntyre Faries for Appellant.

George C. Watson and Richard A. Dunnigan for Respondents.

HOUSER, J.—In a separate action against the defendant for damages for personal injuries which ensued by reason of its alleged negligence, each of the plaintiffs recovered a judgment. For the purpose of trial the two actions were "consolidated". The questions raised by the appellant from each of such judgments, as well as from "an order denying a new trial", are limited to alleged errors committed by the trial court in its instruction to the jury. To all practical intents and purposes, the instruction given in the one action was identical with that given in the other. In the case of Ada I. Graham against the defendant the instruction of which appellant complains was as follows:

"If you find for the plaintiff, Ada I. Graham, then in determining what damages, if any, you are to give to her for the injuries, if any, she received, as set out in the complaint, you may award her such damages in such sum as in your judgment will fairly and reasonably compensate her for the injuries she has received, if any, and in estimating the damages in that behalf, you may consider what before the accident was her health and physical activity, if shown to you, and the extent and nature of her injuries, if any, and also to what extent the injuries, if any, she has received, or any of them, are permanent in their character, as well as the physical pain and mental anxiety, if any, which she has suffered, or will certainly suffer in the future because of her injuries. You may also consider what, if any, effect such injuries are reasonably certain to have upon Ada I. Graham in the future in respect to pain and suffering, and also what, if any, effect such injuries are reasonably certain to have in the future in respect to plaintiff's power to earn money. And you may allow plaintiff such sum as will fairly and reasonably compensate her, but in no event should your judgment be for more than the amount sued for in plaintiff's complaint, to-wit: The sum of $25,000.00."

Specifically, it is contended by the appellant that by the said instruction the defendant was prejudicially affected in its substantial rights because thereby the jury was authorized to assess damages in favor of plaintiff and against the defendant not only for "mental anxiety" which she may have suffered preceding the rendition of the judgment, but as well for such "mental anxiety" and for such general injuries as were reasonably certain to result to plaintiff in the future.

With reference to the right of a person injured through or by the negligence of another to maintain an action against the latter and to recover a judgment therein not only for such proper damages as may have accrued up to the time of trial, but as well for like damages which are certain to result in the future, the law is so well established that it is deemed unnecessary to cite authorities to that effect.

In the case of *Worden* v. *Central Fireproof Bldg. Co.,* 172 Cal. 94 [155 Pac. 839, 840], the rule which relates to the

sufficiency of an allegation of general damages which have resulted or which may result from a personal injury sustained by reason of the negligence of a defendant is thus stated:

"Complaint is made of an instruction given to the jury, relating to the measure of damages, which is as follows: 'If the injury has impaired the plaintiff's power to earn money, such sum as will compensate him for such loss of earning power.' It was not necessary to allege specially the damage to the complainant from this cause. The complaint alleged that by reason of the injury he had suffered great physical pain 'and will continue to suffer', and that the alleged injury to his knee is permanent, 'all to his damage in the sum of fifteen thousand dollars'. This is a sufficient allegation of the damage, and it includes whatever loss of earning power may have been caused by the permanent injury stated. Consequences which naturally follow from a personal injury, because of the nature of the injury, are general damages and need not be specially pleaded in order to recover damages resulting therefrom. (*Treadwell* v. *Whittier*, 80 Cal. 574 [13 Am. St. Rep. 175, 5 L. R. A. 498, 22 Pac. 266]; *Sloane* v. *Southern Cal. Ry. Co.*, 111 Cal. 668, 685 [32 L. R. A. 193, 44 Pac. 320]; *Castino* v. *Ritzman*, 156 Cal. 587, 588 [105 Pac. 739]; *Storrs* v. *Los Angeles Traction Co.*, 134 Cal. 91, 93 [66 Pac. 72].)"

To the same effect, see *Scragg* v. *Sallee*, 24 Cal. App. 133, 140 [140 Pac. 706, 708], wherein it is said that:

"The rule is that the future and permanent effect of injuries directly or necessarily resulting to the plaintiff from the negligence of the defendant need not be specially pleaded in order to warrant proof thereof or recovery therefor. *It is only damages which are not the necessary result of the injuries which must be specially pleaded.* (*Treadwell* v. *Whittier*, 80 Cal. 574 [13 Am. St. Rep. 175, 5 L. R. A. 498, 22 Pac. 266]; *Bonneau* v. *North Shore R. R. Co.*, 152 Cal. 413 [125 Am. St. Rep. 68, 93 Pac. 106]; *Castino* v. *Ritzman*, 156 Cal. 587 [105 Pac. 739]; *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 253 [116 Pac. 513].)

"There are numerous elements which may enter into the whole of the damage which necessarily results from the infliction of certain bodily injuries. Among these is that of physical and mental suffering which the injured party has

endured and will endure from his injuries as the cause (3 Sutherland on Damages, sec. 945), and 'it is not necessary in such a case to state separately the amount of the loss that is caused by each element of damage. A general statement of the whole amount of damage will suffice when all the damage claimed is the natural and ordinary effect of the injuries alleged.' (*Castino* v. *Ritzman, supra.*)"

It therefore becomes apparent that, even in the absence of a special allegation of damages of the character of that set forth in the instruction of which appellant complains, plaintiff was entitled to have given to the jury just such an instruction as was given to it. But fortifying plaintiff's position in the matter, it appears that plaintiff's complaint contained the following allegation: "That plaintiff suffered numerous bruises, cuts and contusions in and about her head, body and limbs; that plaintiff was thereupon rendered unconscious; that plaintiff's nose was crushed and fractured, and that breathing of plaintiff through her said nose has been permanently impaired; that plaintiff suffered a permanent injury to her right ear; that plaintiff's right arm was bruised, wrenched and injured; that plaintiff suffered an injury to her spine; that her back was severely wrenched, bruised and injured; that plaintiff suffered internal injuries; that plaintiff has suffered since said accident severe and lasting headaches; that she sustained a permanent nervous shock; that plaintiff suffered great physical pain and mental anguish. That by reason of the premises this plaintiff has sustained damages in the sum of Twenty-five Thousand Dollars ($25,000)."

It follows that in the particular under consideration appellant's point is not well taken.

But appellant urges that because by the terms of plaintiff's complaint she claimed damages which arose from "mental anguish" suffered by her as a result of the accident, she may not recover damages for any "mental *anxiety*" that she may have suffered. In that connection, appellant contends that such a dictionary difference exists between the words "anguish" and "anxiety" that by the instruction given to it the jury was induced to include within its verdict an item of damage for which no recovery legally may be had.

However, whatever technically may be the distinction between the words "anguish" and "anxiety", neverthe-

less, in accordance with the views which are thoroughly and painstakingly expressed in the case of *Merrill* v. *Los Angeles Gas & Elec. Co.*, 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534], the law of this state is to the effect that in an action for damages for personal injuries arising from a negligent act, "mental worry, distress, grief, mortification, where they are shown to exist, are properly component elements of that mental suffering for which the law entitles the injured party to redress in monetary damages". See, also, *Steinberger* v. *California Elec. etc. Co.*, 176 Cal. 386 [168 Pac. 570]; *Ryan* v. *Oakland Gas etc. Co.*, 21 Cal. App. 14 [130 Pac. 693]; *Freiburg* v. *Israel*, 45 Cal. App. 138 [187 Pac. 130]; *May* v. *Farrell*, 94 Cal. App. 703 [271 Pac. 789]; *Bethurum* v. *Krumm*, 109 Cal. App. 5 [192 Pac. 287].

■ Moreover, since by the authorities to which reference has been had, in a proper situation of the parties and the facts relative to the cause of action, a recovery of a judgment in which may be included an item of damage on account of "mental anguish" suffered by the plaintiff, is permissible; and since it is manifest that at most, "anxiety" is but a form of, and necessarily of the same nature as "anguish", though lesser in degree,—it follows that regarding the instruction of which complaint is made, the specific language or word therein to which attention is directed was in favor of the defendant, rather than as strong against it as other appropriate language or words might have been; and consequently that by reason of the instruction as given to the jury, the appellant has no just cause for complaint.

It is ordered that the judgments be and they are affirmed.

Since no separate appeal lies from an order denying a motion for a new trial, it is ordered that appellant's appeals in that regard be and they are dismissed.

Conrey, P. J., and York, J., concurred.