[Civ. No. 9860. First Appellate District, Division One.—August 18, 1936.]

JOE I. DUTRO, Respondent, v. JIM CASTORO et al., Appellants.

James Snell and Chester E. Ross for Appellants.

Eugene B. Grattan for Respondent.

THE COURT.—An action to recover damages for assault and battery made upon the plaintiff by defendant Castoro, an officer of defendant company.

A jury returned a verdict for plaintiff against both defendants in the sum of $1500. Upon motion for a new trial this sum was reduced to $1,000, and a judgment was thereupon entered, from which defendants appeal.

The plaintiff was employed by the company as a tomato picker. In the course of the work an altercation arose between him and Castoro, following which the assault was committed. It was alleged that the assault was malicious and was ratified by the company, and that as a consequence the plaintiff suffered severe injury.

Defendants complain of certain instructions and rulings by the trial court, and urge that the verdict in certain particulars is unsupported.

The jury was instructed in substance that one cannot use a quarrel as an excuse for assaulting another and then plead self-defense; and if the party unlawfully attacked uses more force than necessary to protect himself he in turn commits a battery upon his assailant for which he will be liable. We are satisfied that these instructions substantially state the law and furnish no ground for reversal. Moreover, self-defense is an affirmative defense, which was not pleaded by the defendant, and the instructions were in the circumstances not prejudicial. (*Marriott* v. *Williams*, 152 Cal. 705 [93 Pac. 875, 125 Am. St. Rep. 87].)

The plaintiff alleged a permanent loss of earning power due to the injuries; and the court instructed that the jury might, if they so found, consider the fact as an element of damage. The evidence sustained the allegation; and it is well settled that such damages may be recovered under a general averment of damage. (*Treadwell* v. *Whittier*, 80 Cal. 574, 575 [22 Pac. 266, 13 Am. St. Rep. 175, 5 L. R. A. 498]; *Castino* v. *Ritzman*, 156 Cal. 587 [105 Pac. 739]; *Worden* v. *Central etc. Building Co.*, 172 Cal. 94 [155

Pac. 839].) Nor did plaintiff waive such damages by making no claim for the time he had actually lost by reason of his injuries.

■ It is further contended that the evidence shows that the plaintiff used excessive force in resisting the assault. As to this it will be sufficient to say that there was material evidence tending to sustain the conclusions of the jury, and we cannot say that the verdict in this respect is unsupported.

■ Defendants also complain of the admission of evidence of defendants' financial condition. The complaint alleged malice, and the circumstances and nature of the assault tended to support the fact. While it appears that the jury made no award by way of punitive damages, nevertheless in view of the pleadings the evidence was admissible, the question being one for the jury. (*Marriott* v. *Williams, supra; Ward* v. *DeMartini,* 108 Cal. App. 745 [292 Pac. 192].)

■ Further complaint is made that the plaintiff in describing the extent of his injuries stated that he was a laborer. Later his wife referred in her testimony to the nature of the work she had been doing. This was objected to, and the jury was instructed to disregard the testimony. It is clear that the testimony was not such that its prejudicial effect, if any, could not be removed by the court's instructions to the jury.

Other points are urged which require no discussion; and we are convinced from a reading of the evidence that the verdict is fairly supported and that nothing has been shown which would warrant the conclusion that the result was a miscarriage of justice.

The judgment is affirmed.