## McIntyre *v.* Quaker City Cab Co., Appellant.

*Negligence—Damages—Weekly wages—Statement of amount of wages in charge — Appeals — New trial—Excessive verdict—Personal injuries—Discretion of court—Abuse.*

1. A trial judge in a case for personal injuries cannot be convicted of error in using a figure when referring to the plaintiff's weekly wages, if it appears that plaintiff used such figure in his own testimony, and yet the jury was permitted to ascertain the amount of such wages.

Argued April 21, 1925. Appeal, No. 244, Jan. T., 1925, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1924, No. 4523, on verdict for plaintiff, in case of William G. McIntyre *v.* Quaker City Cab Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON. KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before GORDON, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $6,000. Defendant appealed.

*Errors assigned* were (1) action of court in stating amount of plaintiff's weekly wages, referring to record by page, and (2) refusal of new trial, quoting record.

*Ward C. Henry,* with him *C. William Freed,* for appellant, cited: Hollinger v. Rys. Co., 225 Pa. 419.

*John J. McDevitt, Jr.,* with him *Nochem S. Winnet,* for appellee, cited: Martin v. Letter, 282 Pa. 286; Potts v. Guthrie, 282 Pa. 200.

OPINION BY MR. JUSTICE KEPHART, May 4, 1925:

There was a great rivalry for business between the employees of defendant taxicab company and those of a competing company, for whom plaintiff worked. It culminated in one of defendant's employees purposely driving his car onto the sidewalk in pursuit of plaintiff. The latter was forced against the wall of a building by the car and seriously injured. This suit, with a verdict against defendant, was the result.

Defendant contends the court, in its charge, erred in using a figure when referring to the weekly wages plaintiff received, and submitting it as the basis on which damages might be awarded for the loss of wages. As stated by the trial judge to the jury, "I think you understand that I took the figure that was given as an example. You will determine......what......he earned...... Any loss of those earnings he is entitled to recover." It is true, in Hollinger v. York Railways Co., 225 Pa. 419, this court held it prejudicial to call a figure to the attention of the jury which had no basis in the evidence, but here the figure used was testified to by plaintiff as being the average amount of his weekly earnings, and the trial court was clearly right in using it so long as the jury was permitted to ascertain the amount of his weekly wage.

The second question involves the amount of the verdict. We held in Martin v. Letter, 282 Pa. 286, that we will not interfere with the trial court's action unless a verdict is so grossly excessive as to shock our sense of justice, and evidences a clear abuse of discretion on the part of the court below in refusing to set it aside. Elimi-

nating the aggravating circumstances in the case, plaintiff suffered a fracture of a bone in his foot, and was required to keep it in a cast for five or six weeks. He had to undergo an operation for an incisional hernia, remaining in the hospital more than two weeks. Since the accident, he has been compelled to work at lighter labor. The court below did not abuse its discretion in refusing to grant a new trial under these circumstances.

The judgment of the court below is affirmed.