[Civ. No. 3958. Third Appellate District.—December 10, 1929.]

FLORENCE RITZMAN, Respondent, v. JAMES E. MILLS, Appellant.

HANNAH RITZMAN, Respondent, v. JAMES E. MILLS, Appellant.

Lon A. Brooks for Appellant.

E. B. Drake for Respondents.

PLUMMER, J.—The above-named actions are brought by two sisters on account of personal injuries sustained by them from an automobile driven by the defendant while the plaintiffs were crossing a certain street in the city of Pasadena. The actions were consolidated and tried together, submitted to the jury upon the same testimony, and a verdict was returned in each case in the sum of $5,000. The two cases are presented to us upon one transcript, and will be considered as one. From the judgments entered upon the verdicts, the defendant appeals in each case.

The record shows that the plaintiffs were both injured as they were crossing Pasadena Avenue, on April 5, 1926; that the injuries were inflicted by an automobile owned and operated by the defendant. The jury found that the injuries were inflicted by reason of the negligent operation of the automobile, at said time and place, by the defendant.

The defendant's motion for a new trial being denied, the defendant appeals and presents for our consideration three questions: Error of the court in instructions to the jury; that the damages awarded were and are excessive; and that the court erred in denying the defendant's motions for a new trial on the ground of newly discovered evidence. These are the only grounds argued by the appellant, and will be the only ones considered by the court. No question is raised as to the sufficiency of the evidence to support the verdict.

Departing from the order of the argument presented in the briefs we will consider the question of excessive damages first. A statement of what the record exhibits we consider a complete answer. The transcript shows that Florence Ritzman suffered such injuries that she was required to remain in St. Vincent's hospital ten weeks; that there was a wound on the right side of her skull with sutures in it; a large swelling on the right side of the skull with a large blood-clot; right eye swollen practically shut; bruises all over her body; that the fracture in the skull extended from four to five inches on the right side; that she suffered from concussion of the brain and hemorrhages within the skull cavity; that at the time of the trial she was in a normal mental condition, but not able to work as had previously been the case; that she was a woman twenty-

six years of age; that by reason of the injuries, she had been subjected to the following expenses: Paid a hospital bill in the sum of $631.85, nurses' bill $332, ambulance $5, damage to clothing $40, damage to hat $10, damage to glasses $13, fountain pen $5, lost in salary $1542.59, still indebted for doctors' bills in the sum of $400, making a total sum of $2,974.44 special damages. This sum, deducted from the $5,000 awarded by the jury, allows but $2,025.56 for the personal injuries stated above. ▮ The plaintiff Hannah Ritzman had many bruises on her body, the particulars of which we need not state: two broken ribs, the left shoulder broken, some stiffness left in the shoulder, rendered somewhat lame in walking. Prior to the injury this plaintiff also was employed, receiving a salary of $175 per month. This plaintiff was confined to the hospital eighty-one days; paid hospital bills in the sum of $465.55, doctors' bills $100, nurses' bills $356, ambulance $5, damage to clothing, etc., $97.50; lost nine months' salary amounting to the sum of $1692, doctor bill still owing $600. Aggregating special damages in the sum of $3,196. This, subtracted from the $5,000 awarded by the jury, left for personal injuries the sum of $1804.

Neither argument nor citation of authorities is necessary to show that the damages awarded were not excessive. If there is any valid complaint in this particular it belongs to the plaintiffs and not to the defendant.

The main contention of the appellant is that a new trial should be granted by reason of a certain instruction given to the jury. That instruction reads as follows: "You are instructed that there are two cases being tried together, but you should consider the evidence as applying to each case separately, and render a separate verdict in each of said cases, according to the evidence and the law that the court gives you and in view of the fact that two cases are being tried together you should not consider whether the judgment is large or small in either case, but if you find for the plaintiffs, and each of them, you should bring in a verdict in each particular case for a sum not greater than the amount prayed for in the complaints respectively. In the complaint entitled Hannah Ritzman against James E. Mills, the amount prayed for is $12,119; in the complaint entitled Florence Ritzman against James E. Mills the amount prayed

for is $11,650. You are to bring in a verdict for the amount in each case that will reasonably and fairly compensate for the injuries received and proven as the proximate result of the accident to the plaintiffs Florence and Hannah, respectively.''

It may be admitted that this instruction standing alone does not fully state the law applicable to the case. However, it is fully supplemented by other instructions, as the court very fully and carefully instructed the jury on all phases of the subjects of negligence and contributory negligence. In this particular it is urged by the appellant that the instructions, other than the one referred to, are contradictory of, and conflict with the instruction which .we have set out. This contention, however, is not borne out by an examination of the instructions. All the other instructions contained in the record given by the court are simply supplemental to the instruction which we have set out, and cover every phase of the subject of negligence. Our attention has not been called to a single instruction which conflicts or is contradictory with the quoted instruction. In addition to instructing the jury correctly on the question of damages and the burden of proof resting upon the plaintiffs, and also that if the plaintiffs were guilty of any contributory negligence whatsoever proximately leading to their injuries, no recovery could be had, the court in one of its instructions specifically told the jury that they were not to infer from any instruction given by the court that the court was intimating that the plaintiffs were entitled to recover damages; that the jury must find that the injuries were caused by the negligence of the defendant, without any contributory negligence whatsoever on the part of the plaintiffs, and that this applied to both cases. The main contention of the appellant that reversible error appears from the instruction which we have quoted, and that it affirmatively appears therefrom that the appellant has suffered prejudice, is by reason of the fact that the amount of damages claimed by the respective plaintiffs was stated to the jury by the court. In other words, that in giving the instructions the court called the attention of the jury to the amount claimed by the respective plaintiffs, and was an intimation that such sum should be awarded. In support of this contention the appellant cites the case of

*Hollinger* v. *York Ry. Co.*, 225 Pa. 419 [17 Ann. Cas. 571, 74 Atl. 344], where the following instruction was condemned: "The plaintiffs' claim for damages suffered by them respectively, $20,000, and $1000.00 for injuries suffered by Nora M. Hollinger as a passenger on one of the York & Dallastown cars of the York Railway Company, from the collision of two cars on said Railway on August 18, 1907, near Dallastown, through the negligence of the Railway Company." The jury in that case returned a verdict of $3,500 in favor of Nora M. Hollinger and $500 in favor of her guardian Frederick F. Snyder, the other plaintiff. That case refers to a former case of *Reece* v. *Hershey,* 163 Pa. 253 [43 Am. St. Rep. 795, 29 Atl. 907], where it was held to be exceedingly bad practice to place before the jury the averment as to damages, on the theory that it tends to get figures and amounts into the jury's mind without evidence. What other instructions were given in that case does not appear from the opinion of the court or the facts stated preceding the opinion. The case of *McIntyre* v. *Quaker City Cab Co.*, 283 Pa. 395 [129 Atl. 112], is also cited as supporting the appellant's contention. There, the instruction under consideration reads: "I think you understand that I took the figure that was given as an example. You will determine what he earned—any loss of those earnings, he is entitled to recover." This is all of the instruction as appears in the record. In that case it was held that the reference was not prejudicial by reason of the fact that the figures quoted by the court had been testified to by some of the witnesses. The appellant also cites the case of *Illinois Ry. Co.* v. *Becker*, 119 Ill. App. 221, as sustaining the contention that the giving of the instruction which we have quoted constitutes reversible error. However, as appears by an examination of the opinion in that case the judgment was not reversed on account of the court having referred to the amount of damages claimed in the declaration as appears by the following language contained in the opinion: "The reference in the fourth instruction to the amount claimed in the declaration, when taken in connection with the errors in the third, and the failure in all three of the series here under consideration, to require, on the part of the appellee, a preponderance of evidence, was calculated to mislead the jury. While it is not always

error to refer in an instruction to the amount claimed in the declaration, it is always error to do so when the state of the instructions or of any other feature of the record is such that the jury might be misled by such reference.'' The court then proceeds to say that many cases have been reversed for this error alone, and such reference in instructions has been ''roundly'' condemned in many more. (Citing a number of decisions of the appellate court of the state of Illinois.) In the case at bar the instructions show that the jury was specifically and clearly instructed that no verdict could be had unless the plaintiffs established their cases by a preponderance of the evidence and were also shown to be absolutely free from any contributory negligence.

In the case of *Muren Coal & Ice Co.* v. *Howell,* 204 Ill. 515 [68 N. E. 456, 458], the court instructed the jury with reference to the amount of damages claimed, in the following language: ''the jury may give such damages as they may deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death to the widow and next of kin of such deceased person, not to exceed, however, the sum of $5000.00.'' It was held in that case that the mentioning of the sum of $5,000, the limit allowed by statute in such cases, was an intimation to the jury that the court expected it would render a verdict for that amount, and that such an instruction ''could not fail to have had an improper influence on the jury, and in a doubtful case like this, the verdict rendered either way, not subject to be disturbed, to tell the jury they must find to the extent of the law, was improper and ought to prejudice the finding.''

Just how the instructing of a jury that they can find in favor of the plaintiffs only such sum as will reasonably and fairly compensate the plaintiffs, as shown by the testimony, not exceeding the amount claimed in the declaration amounts to an intimation that the court expects the jury to find that sum, does not clearly appear. We see no logical connection between the conclusion arrived at in the cases referred to and the instructions given by the court there under consideration. It is true that some of the instructions considered in the cases referred to were defective for other reasons, but the statement of the amount claimed in

the declaration does not appear to us to be any reason whatever for concluding that the court expected the jury to be guided by the declaration when the jury has been explicitly advised that their verdict must be based solely upon the testimony showing the injuries must preponderate in favor of the plaintiff, and as well, also, that the negligence of the defendant in causing the injuries must be shown by a preponderance of the testimony, and, likewise, that no plaintiff can recover where his own contributory negligence has proximately caused the injury.

While our own decisions have not expressly passed upon this question, there are a number of cases where the instructions to the jury with regard to the finding of damages conclude with the statement ''not exceeding the amount claimed in the complaint,'' and a number of them stating the amount.

In the case of *Hersperger* v. *Pacific Lumber Co.*, 4 Cal. App. 460 [88 Pac. 590, 591], the concluding portion of the instruction attacked read as follows: ''Not exceeding in amount the sum claimed in the complaint.'' In *Scally* v. *W. T. Garrett Co.*, 11 Cal. App. 138 [104 Pac. 325, 330], the concluding portion of the instruction attacked read: ''Not exceeding the amount claimed in his complaint as amended, to-wit, $15,000.00.'' In the case of *Storrs* v. *Los Angeles Traction Co.*, 134 Cal. 91 [66 Pac. 72], the instruction read: '' . . . not exceeding the amount alleged in the complaint.'' The court, in speaking of damages, said: ''The third and fourth elements are from necessity left to the sound discretion of the jury but the damages in all cannot exceed the amount alleged.'' In *Scott* v. *San Bernardino Valley Co.*, 152 Cal. 604 [93 Pac. 677], the concluding portion of the instruction read: ''The court instructs the jury that if they find for the plaintiff, the verdict should be in such damages not exceeding the sum of $15,000.00,'' etc. In the case of *White* v. *Red Mountain Fruit Co.*, 186 Cal. 335 [199 Pac. 318, 320], the concluding portion of the instruction we find to be as follows: ''and necessary amount of money paid to any nurse or nurses in caring for her said injuries only, not exceeding the amount alleged in the complaint, to-wit, $965.00.'' It is true that in the California cases it does not appear that the court, in any of them, expressly considered the naming of the

amount, to wit, the dollars and cents claimed in the complaint. The practice, however, of instructing the jury, with reference to damages, to conclude an instruction with the words "not exceeding the amount claimed in the complaint," as shown by the few decisions which we have cited, has been general in this state for a long period of time. In most cases the complaint is read to the jury, and in this particular our practice differs from the practice apparently prevailing in the state of Pennsylvania, where the pleadings, called declarations, are not permitted to be read to the jury. In this state, so far as we are advised, the practice is general at the very beginning of the case to read the pleadings and to make an opening statement as to what is claimed by the respective parties.

While we recognize the eminence of the authorities cited by the appellant, the reasoning of the cases where not controlled by statute, upon which the appellant relies, does not appeal to us as being sound. Where the trial court explains to the jury fully the law relative to the testimony to be considered by them in determining the amount of damages to be awarded, and then adds that their judgment shall in no case exceed the amount claimed by the plaintiff, a holding that such statement by the court is the expression of an opinion that the verdict should be for the amount claimed by the plaintiff appears to us to be more in the nature of an assumption than a logical conclusion from the premises laid down. In the case at bar no contention is made that the negligence of the defendant was the proximate cause of the injury. All that is urged in this particular is that the instruction of the court affirmatively appears to be prejudicial by reason of naming the damages claimed by the respective plaintiffs. While the respondent calls our attention to the provisions of section 4½ of article VI of the Constitution relative to errors in instructions and that judgments are not to be reversed for errors unless, upon a review of the entire case, including the evidence, the appellate court is satisfied that there has been a miscarriage, we do not deem it necessary to rest our decision upon the section of the Constitution which we recognize would apply in this case, but are of the opinion that without reference to the constitutional provision, no prejudice has resulted to the defendant from the giving of the instruc-

tion objected to, and especially is this true when considered in connection with all the instructions given by the court to the jury, particularly explaining how a verdict should be arrived at in damage cases.

The assignment of error by reason of the court's denial of the appellant's motion for a new trial requires but little consideration. In the first place such a motion is not looked upon with favor; in the second place it is primarily addressed to the sound discretion of the trial court; and in the third place it must be shown that diligence was exercised before the trial in obtaining the proffered evidence, and that it could not be discovered by reasonable efforts before the trial. An examination of the uncontradicted affidavits of Sylvester Wilder and Paul Blackwood, submitted by respondents upon hearing of appellant's motion for a new trial, establishes clearly that counsel for the appellant knew about the witnesses alleged to be able to give the newly discovered evidence, long before the trial. The affidavits also show the questionable character of the evidence and that the witnesses who were to give the so-called newly discovered evidence were negotiating for compensation for their testimony prior to the trial. The affidavits also show that counsel for the appellant was advised of the whereabouts of the so-called newly discovered witnesses before the trial of the action at a time before counsel for the appellant appeared as an attorney in the case.

With these facts before the trial court, and others which show the questionable character of the so-called newly discovered evidence, and also that the presence of the witnesses might have been secured if reasonable efforts had been put forth, no basis is laid for our holding that the trial court abused its discretion in denying the appellant's motion for a new trial.

The judgments of the trial court are affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.