[Civ. No. 285. Fourth Appellate District.—March 23, 1931.]

## MANUEL MACHADO, Respondent, v. GEORGE G. HARM et al., Appellants.

Ray W. Hays for Appellants.

M. S. Hamilton, Jesse E. Nichols, Fletcher A. Cutler and Ford & Johnson for Respondent.

LAMBERSON, J., *pro tem.*—Action for damages for personal injuries resulting from a collision between a light truck driven by respondent and a heavy truck operated by

appellant Withrow, as an employee of appellants Harm and Frasher.

The collision happened about 10 o'clock P. M. on March 9, 1928, and occurred on Eleventh Street, which runs east and west in the city of Tracy, at a point between "E" and "F" Streets.

The complaint alleged in substance that plaintiff was carefully operating an automobile in a westerly direction along and upon the northerly side of said Eleventh Street when the defendants carelessly and negligently operated an automobile truck, then and there the property of the defendants Harm and Frasher, in an easterly direction over and upon said northerly line of Eleventh Street in such manner as to cause said automobile truck to violently and forcibly run into and collide with the automobile operated by plaintiff, thereby injuring plaintiff in the manner thereafter alleged.

The allegations of the complaint describing the injuries suffered by respondent were as follows: "That as a result of said collision, this plaintiff was thrown out of his automobile onto the paved highway with great violence and was cut over his left eye and suffered a fracture of his frontal bone back of his left eye, and his left leg was injured just below the knee; and was bruised and injured in other portions of his body; and received a profound shock to his nervous system and bruises and contusions upon his head, body and person to such an extent that said plaintiff suffered great pain for a period of sixty (60) days; that said plaintiff is informed and believes and upon such information and belief alleges that as a result of his said injuries the sight and vision of said left eye is permanently and seriously injured and that it may never be restored to its normal function and condition."

The complaint alleged that plaintiff was damaged in the sum of $50,000 and also set forth special damages amounting to a total sum of $659.30.

The appellant Withrow had stopped his ten-ton truck, to which was attached a ten-ton trailer, on the southerly side of Eleventh Street and had taken lunch across the street with a fellow-employee who was driving another truck ahead of him. Following their meal the men had returned to their trucks and the advance truck had proceeded out on the

highway while appellant, a few moments later, started his truck toward the center of the street. The respondent, who had delivered milk east of Tracy, was returning to his dairy and was driving west. He testified that he was proceeding on the right side of the center line of the street at a speed of between seventeen and eighteen miles per hour and first saw the heavy truck approaching when about a block away, next saw the lights turn toward him and applied his own brakes and his machine stopped immediately. He had no further recollection of the accident. An employee of the creamery followed respondent in another machine and saw the collision. He testified that the highway was forty feet wide at the point of collision and corroborated respondent's statement that the latter was traveling on the north side of the center line; that immediately after the collision the right front wheel of the heavy truck was almost on the center line of the street and the other front wheel was about two feet over such line and a part of the truck beyond the wheels also extended over the center line, the heavy truck standing at an abrupt angle with such line. Police officers of the city of Tracy testified that the front wheels of the heavy truck were a distance of three or four feet on the north side of the center of the highway.

The jury returned a general verdict in favor of respondent in the sum of $17,500, and after. making a motion for a new trial, which was denied, the defendants appealed from the judgment.

No particular effort has been made to show that the evidence is insufficient to support the implied finding of the jury that the operator of the heavy truck was on the wrong side of the highway at the time of the collision and that injuries were sustained by respondent as a proximate result of the negligence of appellant Withrow. Any conflict in the evidence was resolved by the jury in favor of the respondent and in the absence of error cannot be disturbed by this court.

Appellants urge that the court erred in admitting evidence of permanent injuries, other than the injury to respondent's eye. The attending physician testified that there had been a linear fracture of the frontal bone and cerebral hemorrhage, coming from within the skull at a point near the rear of the optic nerve; that the respondent was uncon-

scious approximately eighteen hours as a result of concussion; that there is an injury to the optic nerve which is permanent; that the respondent complained of dizziness occurring several times a day and headaches, and would never be any better. A specialist in eye disorders was permitted to testify that respondent had a little less than one-third vision in the injured eye; that there was a pressure along the optic nerve which had caused inflammation; that the power of accommodation of the eye was practically destroyed and that his condition, at the time of the specialist's examination, would be his permanent condition.

The allegations of the complaint as to the nature of respondent's injuries have already been stated. ■ Where there is a general allegation of bodily injury and resulting damage, testimony as to any injury which might naturally result therefrom is admissible. A plaintiff is not required to allege specifically each physical injury sustained or which might have resulted from an accident. It is sufficient if such injuries can be traced to the occurrence complained of and are such as might naturally result from the injury (*Kuhns* v. *Marshall,* 44 Cal. App. 588 [186 Pac. 632]; *Latky* v. *Wolfe,* 85 Cal. App. 332 [259 Pac. 470]; *Samuels* v. *California Street Ry. Co.,* 124 Cal. 294 [56 Pac. 1115]; *Martin* v. *Pacific Gas & Elec. Co.,* 203 Cal. 291 [264 Pac. 246]). ■ In the instant case the complaint alleged several specific injuries, including the fracture of respondent's frontal bone back of the left eye, bruises and injuries in other portions of his body, and alleged that he received a profound shock to his nervous system. His allegation that he suffered great pain for a period of sixty days simply tends to describe the extent of the immediate suffering and does not minimize the fact that the damage might naturally have resulted in permanent injuries suffered in the accident. Dizziness, vertigo, headaches and defects in sight or vision, were results which might be expected to naturally flow from so serious an injury as a fracture of the skull and concussion of the brain and the defendants must be presumed to be aware of the damages which would necessarily result from such an injury and could not have been taken by surprise by proof of such resulting damage (*Treadwell* v. *Whittier,* 80 Cal. 574 [13 Am. St. Rep. 175, 5 L. R. A. 498, 22 Pac. 266]). The

court committed no error in admitting testimony as to such injuries.

Appellants contend that the court erred in giving the following instruction: "You are instructed that the law prescribes no definite measure of damages for pain or suffering, if any, sustained by an injured person, but leaves such damages to be fixed by you as your discretion dictates and under all circumstances may be reasonable and proper. It is not necessary, therefore, that any of the witnesses should have expressed an opinion as to the amount of such damages for pain or suffering alleged to have been sustained by the plaintiff, but the jury may make such estimated damages from the facts and circumstances and evidence by considering them in connection with their own knowledge and experience in the affairs of life."

Immediately thereafter the court gave the following instruction: "If your verdict is in favor of the plaintiff, in assessing damages that you should award him, you should take into consideration the character of the injuries, if any, sustained by him, the nature, extent and severity of the injuries sustained and whether the same are temporary or permanent in their character. In estimating the amount of such damages you may consider the physical and mental pain suffered, if any; the extent, nature and character of the suffering, mental or physical, if any, and its duration. You may also consider any physical or mental pain, if any, which you believe from the evidence that plaintiff is reasonably certain to suffer in the future. And from all of these elements, you will resolve what sum will fairly compensate him for the injury and loss sustained by him, not, however, in excess of the amount prayed for in the complaint, to wit, the sum of $50,659.30."

In the case of *Litherbury* v. *Kimmet*, 183 Cal. 24, a similar instruction was quoted and the court, at page 27 [195 Pac. 660, 661], said: "Reading the two instructions together, and, as we have said, they were actually given immediately together, it is plain enough to a lawyer that the very general language of the second instruction given (the first quoted above) has reference to a recovery measured by the specific rule of the preceding instruction and is controlled by it. This, however, might well not be so plain to a body of men, such as a jury, not trained in the construction of in-

struments and who may hear the instructions only and not have the advantage of seeing them together on the written page. It would have been better if the danger of such misunderstanding of the true effect of the instructions had been avoided as could easily have been done. While the instructions are open, we believe, to criticism in this respect, still the danger or probability of their having been misconstrued is not so great as to justify us in this case in setting aside the verdict."

In the case of *Wiley* v. *Young,* 178 Cal. 681 [174 Pac. 316, 318], the following instruction was given: "You are instructed, however, that with regard to pain and suffering the law prescribes no definite measure of damages, but the law leaves such damages to be fixed by you as your discretion dictates, and as under all the circumstances may be just and proper."

This instruction was held to be correct, when coupled with the preceding instruction which was as follows: "If you find the defendant liable, you are instructed that the damage should be fixed at such an amount as will compensate plaintiff for such loss sustained by her as set forth by her in her complaint, and any injury that she will sustain in the future as is supported by the evidence."

The court said that the effect of such an instruction as a whole is that the plaintiff is entitled to compensatory damages only, and that the instruction with reference to the amount of damages for pain and suffering is elaborated for the purpose only of disclosing to the jury that it is not necessary that any particular witness should have fixed a particular amount as the damage for such pain and suffering. We think that the purport of the instructions in the present case, when taken together, was to make it plain to the jury that the jury should award such sum as would fairly compensate the respondent for the injury and loss sustained by him.

Complaint is made of that portion of the second instruction which reads "not, however, in excess of the amount prayed for in the complaint to wit, the sum of $50,659.30". This particular form of instruction was discussed at considerable length and approved in the case of *Ritzman* v. *Mills,* 102 Cal. App. 464 [283 Pac. 88], in which a number of California cases are cited. The intent of such an instruc-

tion, when taken in connection with the other instructions, is to keep the jury from awarding an amount in excess of the damages claimed by the plaintiff.

Objection is made by appellant that the verdict was excessive and attention is called to the fact that while evidence of special damages was permitted, covering ambulance and doctor's bills, and the respondent was permitted to testify as to his earning capacity before the accident, no evidence was offered as to other items of damage, which were specially pleaded and the jury returned a verdict for a lump sum of $17,500 and it could not be determined whether or not the jury took the special damages into consideration.

Allowance of testimony as to respondent's earning capacity was proper (*Ehat* v. *Scheidt*, 17 Cal. App. 430 [120 Pac. 49]; *Leiner* v. *Eng-Skell Co.*, 104 Cal. App. 228 [285 Pac. 905]).

In the case of *Worden* v. *Central Fireproof Bldg. Co.*, 172 Cal. 94, at page 97 [155 Pac. 839, 840], the court said: "The complaint alleged that by reason of the injury he had suffered great physical pain 'and will continue to suffer', and that the alleged injury to his knee is permanent, 'all to his damage in the sum of fifteen thousand dollars'. This is a sufficient allegation of the damage, and it includes whatever loss of earning power may have been caused by the permanent injury stated. Consequences which naturally follow from a personal injury because of the nature of the injury, are general damages and need not be specially pleaded in order to recover damages resulting therefrom."

In the case of *Johnson* v. *Pearson*, 100 Cal. App. 503, at page 508 [280 Pac. 394, 396], the court used the following language: "Furthermore, if there is no evidence to support a judgment for special damages, as appellant contends, there is, however, ample evidence in the record to support a judgment for $4,000 for general damage and, in the absence of any showing to the contrary, we must presume that the sum awarded respondent of $4,000 is for injuries received and the pain and suffering endured and nothing for special damages".

We think that the trial court committed no error in its ruling upon the testimony as to earnings and that it must be presumed that the jury did not take the special damages into consideration.

■ The injuries suffered by respondent have already been described and discussed. He was thirty-one years of age at the time of the accident, apparently in good health and apparently operating a successful and fairly profitable business and he suffered injuries which obviously rendered him less capable of doing the work that he had done before the accident. There is nothing tangible in the record which would render it necessary for us to say as a matter of law that the verdict was the result of passion or prejudice or to disturb the judgment of the trial court following the verdict of the jury. In the case of *Reneau* v. *Hirsch,* 88 Cal. App. 1, at page 6 [262 Pac. 1100, 1102], the court said: ''The rule is well established that the amount of damages in this kind of an action is committed first to the sound discretion of the jury, and next to the discretion of the judge of the trial court, who, in ruling upon the motion for a new trial, may consider the evidence anew, determine anew the facts, and set aside the verdict if it is not just. Upon appeal, the decision of the trial court and the jury on the subject cannot be set aside unless the verdict is 'so plainly and outrageously excessive as to suggest, at first blush, passion or prejudice or corruption on the part of the jury'.'' (Citing cases.)

■ Another objection on the part of appellants to be considered is that the jury was instructed by the court as to the provisions of section 122 of the Motor Vehicle Act of the state of California (Stats. 1923, p. 557), and that the instruction concluded with this charge: ''If you believe from the evidence that he violated this provision of the Motor Vehicle Act then and in that event he was negligent.'' Immediately thereafter another instruction was given as to the provisions of section 113 of the Motor Vehicle Act (Stats. 1927, p. 1436), in which instruction it was stated that if the jury believed from a preponderance of the evidence that the defendant Withrow violated this provision of the Motor Vehicle Act and that such violation, if any, proximately contributed to the happening of the collision in question, then he was negligent. Immediately thereafter the court gave two other instructions concerning the law of the state as to the driving of motor vehicles, in which the court made it clear that any failure on the part of the defendant to observe the law, if found by the jury, must have been the

proximate cause of the accident before any verdict could be returned in favor of plaintiff. The court further instructed the jury that it is a presumption of law that the automobile being operated by the defendants was being operated in a lawful manner, and concluded with the following instruction: "The mere fact that an act or omission on the part of the defendants caused the collision in question, is not, in itself, sufficient to support a verdict in favor of the plaintiff. To render a verdict in favor of the plaintiff you must find that the defendants were guilty of negligence and that such negligence was the proximate cause of the injuries complained of, and further, that the plaintiff was without any fault that in the slightest degree contributed proximately to the injuries of which he complains, otherwise, your verdict must be for the defendants."

The court also instructed the jury as to what effect contributory negligence on the part of the plaintiff should have in the jury's consideration of the case. Taking the instructions together, we think it was made clear to the jury that any negligence on the part of the defendant arising by operation of law must have been the proximate cause of the injury before the jury could find against the defendant. An instruction similar in all respects to the one first given in the present case was given in the case of *Sartori* v. *Granucci,* 204 Cal. 28 [266 Pac. 280], but it may be said that while the instruction was brought directly to the attention of the Supreme Court, the objection made was not on the same grounds as that made here. It has been held in a number of cases, however, that it is proper for the trial court to instruct the jury that a violation of an express provision of the law constitutes negligence *per se* (*Mathes* v. *Aggeler & Musser Seed Co.,* 179 Cal. 697 [178 Pac. 713]; *Dewhirst* v. *Leopold,* 194 Cal. 424 [229 Pac. 30]; *Towne* v. *Godeau,* 70 Cal. App. 148 [232 Pac. 1010]; *Benjamin* v. *Noonan,* 207 Cal. 279 [277 Pac. 1045]; *Kelley* v. *Hodge Transp. System,* 197 Cal. 598 [242 Pac. 76]).

The issues to be decided by the jury were fully and fairly presented to them by the instructions and if the instructions complained of, standing by itself, tended to prejudice the appellant's case, such prejudice was cured by other instructions given by the court. A complete review of the instruc-

tions would necessitate more space being devoted to the matter than is justified. It is ordered that the judgment be affirmed.

Marks, Acting P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 22, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 21, 1931.